WEAVER-DOWDY COMPANY *v.* FRITZ.

Opinion delivered November 10, 1913.

1. AGENCY—PROOF OF.—In an action by appellant to recover the value of a suit of clothes from appellee, it is prejudicial error to permit appellee, without proof of any facts establishing the relationship, to testify that the person who took her measure for the suit, was the agent of the appellant. (Page 93.)

2. CONTRACTS—LIABILITY FOR GOODS PURCHASED—AGENCY.—Where A. ordered a suit of clothes from B., upon measurements made by C., and the suit proved to be a misfit, A. will be liable to B. for the purchase price, where C., who took the measurements at A.'s request, was not the agent of B., although A. thought she was, and where B. never held out C. as being his agent. (Page 94.)

Appeal from Faulkner Circuit Court; *Hance N. Hutton,* Judge on exchange; reversed.

*McCaleb & Reeder,* for appellants.

1. The burden was on appellee to prove that Mrs. Albert was the agent of appellants. 2 A. & E. Enc. L. & P. 973-978; 10 Enc. Ev. 27, 28, note 83; 5 *Id.* 699.

2. Legal conclusions or opinions are not admissible. *Ib.* 699; 15 Col. App. 403; 119 Mich. 136, 48 S. W. 771; 63 Pac. 820; 23 Utah, 71; 31 Cyc. 1643; *Ib.* 1665; 17 *Id.* 219, note 90, and p. 222, note 96.

3. The testimony of an agent is competent to establish the fact of his agency, or *vice versa.* 31 Cyc. 1651; 2 Enc. L. & P. 978; 54 N. Y. 167; 10 Enc. of Ev. 31, and note 91.

4. The depositions of George H. Trevathan and wife and Mrs. J. Allen Trevathan should have been quashed. Kirby's Dig., § § 3184, 3185.

McCULLOCH, C. J.   The Weaver-Dowdy Company, a corporation, was engaged in the dry goods business in Batesville, Arkansas, and among other features of its business, took orders for ladies' suits, and forwarded such orders to a tailoring establishment in Chicago to have the suits made.   During the month of September, 1911, defendant, Mrs. Beulah Fritz, who was then unmarried, gave the plaintiff, Weaver-Dowdy Company, an order for a suit.   The order was forwarded, and when the suit was made and returned to plaintiff, the latter delivered it to the defendant, who found it to be unsatisfactory in fit and declined to receive it.   There is some controversy in the testimony whether the defendant declined to accept the suit at first or whether she accepted it for the time and later returned it.   That controversy may, however, be passed for the purposes of deciding the other questions presented to us here.   Suffice it to say that the defendant did refuse to accept or keep the suit on the ground that the fit was unsatisfactory, and the plaintiff instituted this action to recover the price.

Mrs. Carrie Albert was engaged in the dressmaking business in Batesville, and had a room upstairs over the store of plaintiff.   Defendant engaged Mrs. Albert to

make some dresses for her, and upon the suggestion being made that she would like to have a tailored suit Mrs. Albert told her that plaintiff took orders for tailored suits and went down into the store and got a book of samples. A sample was selected and Mrs. Albert took the measurement, and turned the order over to the plaintiff.

Evidence adduced on the part of the plaintiff is to the effect that Mrs. Albert was not the plaintiff's agent for any purpose and that the plaintiff had not authorized her to make the measurement, the contention of the plaintiff being that Mrs. Albert, in making the measurement, necessarily acted as the agent of defendant.

There is conflict in the testimony as to whether the suit, when it came, was a good fit; but that conflict must be treated as settled by the verdict of the jury in defendant's favor.

The defendant testified that the suit did not fit and that, as the sample book contained the statement of "Satisfaction guaranteed," she declined to accept it. It is not contended that the material was not of the kind ordered; but the only objection to the suit was that it was not a nice fit.

Inasmuch as we must treat the verdict as settling the issue whether the suit was a satisfactory fit so as to come up to the contract, the case turns on the decision of the question as to which of the parties was responsible for the misfit.

It is necessarily implied in the contract, even if not so expressed, that the suit should fit, and if the plaintiff was responsible for the misfit it can not, for obvious reasons, be permitted to recover the price.

At or near the conclusion of defendant's testimony, she was asked by counsel, over the objection of plaintiff, the question, "Who did Mrs. Albert represent in the ordering of the dress?" and, over objection of plaintiff, was permitted to make reply that "She was representing the Weaver-Dowdy Company." These objections were carried forward in the motion for new trial, and the ruling of the court thereon is assigned as error.

The answer of the witness merely stated a conclusion and should not have been admitted. She did not state any facts which established the relation of principal and agent between plaintiff and Mrs. Albert, and she should not have been permitted to state her opinion. This is an elemental principle and needs no citation of authority to support it. The question of Mrs. Albert's agency was a crucial one, and as there was no other evidence tending to establish it, this objectionable testimony of the defendant was prejudicial. For this reason, if for no other, the judgment must be reversed. But we are of the opinion that the court was clearly in error in its instructions, which were objected to and the exceptions thereto properly carried forward in the motion for new trial. The court, of its own motion, instructed the jury as follows:

"There is some evidence here as to the measurement of these clothes, that the company, in ordering a suit of clothes, depended upon the customers taking the measure. They have a right to do that, and in this case, if you find that another person made the measurement, and the Weaver-Dowdy Company accepted that measurement, they would be bound by it."

When the plaintiff interposed its objection to this instruction, the court made the following statement to the jury:

"The jury will take that into consideration if they find that the plaintiff had knowledge of the fact that the measurement was taken by another party, accepted that, and made the suit of clothes in conformity with it."

Now, the learned circuit judge seemed to have had the idea that the plaintiff was bound to see that the measurement was correct, though made by some other person selected by the customer, and that even if the suit was made according to that measurement the plaintiff is responsible for a misfit. In this he was in error, for if the order was turned in to the plaintiff upon a measurement taken by some one selected by the customer, then the plaintiff would only be bound to make the suit in

accordance with that measurement, and if a mistake was made in the measurement, the plaintiff was not responsible for it. The defendant doubtless thought, from the acts and suggestions of Mrs. Albert, that the latter was connected in some way with the plaintiff's establishment, and was acting as plaintiff's agent; but there is nothing in the record to show that the plaintiff held Mrs. Albert out as its agent or authorized her to act as such, and the consequences of defendant's mistake can not be placed on the plaintiff. If she, through mistake, permitted one, whom she erroneously supposed to be the agent of plaintiff, to make the measurement, and a misfit resulted from an incorrect measurement, the loss must be hers, for she gave the plaintiff an order specifying the measurement of the suit, and the only contract that the plaintiff assumed under those circumstances was to furnish a suit made from goods according to sample and the measurements furnished. ·

The court gave other correct instructions which plaintiff requested; but the instructions above referred to, which the court gave on its own motion, were clearly in conflict with those given at the request of plaintiff, and it is impossible to tell which of them the jury followed, and on account of this error in the instructions the judgment must be reversed.

There is, as above stated, no testimony in the record tending to establish the fact that Mrs. Albert was the agent of the plaintiff, and unless some testimony on that point be introduced in the trial below the question should be narrowed to the issue whether the suit was made in accordance with the measurement furnished to the plaintiff.

Reversed and remanded.